IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LOIS MARTIN, As Guardian and Next
Friend of D.C.M.                                                                          PLAINTIFF

V.                                                                          CIVIL ACTION NO. 2:12CV111-B-V

TOWN OF TUTWILER, MISSISSIPPI, ET AL.                                         DEFENDANT

## **MEMORANDUM OPINION**

Presently before the court is the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

In early January 2012, the plaintiff's son, D.C.M., a mentally disabled minor, attended a municipal court hearing in the Town of Tutwiler adjudicating him guilty of the misdemeanor charge of failure to comply with an officer. He was fined accordingly and was ordered to report to the Tutwiler Police Department for community service until his fine was paid in full. On January 29, 2012, D.C.M. reported to the police department as ordered to begin his community service. Defendant Officer Jimmy Johnson directed D.C.M. to the shop located behind the town hall whereupon Johnson, an alleged amateur boxer, proceeded to engage D.C.M. in a boxing match, punching him several times. Defendant Officer Bobby Banks, Jr., videotaped at least part of this incident. D.C.M. was knocked to the concrete floor of the shop several times, to the defendants' amusement. Subsequently, Defendant LaToya Ellis, a court clerk, procured cinnamon powder and poured it into D.C.M.'s mouth, instructing him to hold it on his tongue as the onlookers counted down the seconds. D.C.M. complied and then spewed the cinnamon powder from his mouth and ran for water as the defendants laughed. Plaintiff also alleges that

the officers posted on Facebook a video depicting the tazing of D.C.M. Plaintiff asserts that D.C.M. suffered injuries including respiratory difficulty, vomiting, blood in his stool, bodily injuries, mental anguish, and emotional distress.

The plaintiff filed this action in the Circuit Court of the Second Judicial District of Tallahatchie County, Mississippi, on May 24, 2012, asserting various tort claims as well as claims pursuant to 42 U.S.C. § 1983. Defendant Town of Tutwiler timely removed the case to this court on June 21, 2012. Individual defendants Jimmy Johnson and Bobby Banks were served on May 24, 2012, and Angelia Chandler and LaToya Ellis were served on May 29, 2012. Johnson, Banks, and Chandler signed written joinders in the removal on July 7, 2012, and Ellis consented to the removal on July 9, 2012. The plaintiff has now moved to remand based on defective removal, as the individual defendants' joinder was untimely.

Analysis

"[I]n order to comply with the requirements of [28 U.S.C.] § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period." *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (citing *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988)). The longstanding Fifth Circuit interpretation of the removal statute limited the removal period to thirty days from the time the first defendant is served. *See Getty Oil Corp.*, 841 F.2d at 1262-63. This "first-served defendant rule" was the minority view, as most other circuits favored the "last-served defendant rule" or "fairness rule." *See, e.g., Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (observing "that the trend in recent case law favors the last-served defendant rule").

2

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 resolved the split in favor of the majority "last-served defendant rule." 28 U.S.C. § 1446(b)(2)(B). The amended statute provides, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* Further, the statute now allows earlier-served defendants to join in removal by later-served defendants who remove within their statutory thirty-day removal period. *Id.*

Even with the benefit of these more generous revisions, however, the individual defendants in the present case all joined the Town of Tutwiler's removal outside the removal period. "The failure of all the defendants to join in the removal petition is not a jurisdictional defect." *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). As the matter is not jurisdictional, the Town argues that the procedural defect in this case should be cured by the individual defendants' consent, despite its untimeliness, given the "exceptional circumstances" in this case. *See Gillis*, 294 F.3d at 759 (holding that exceptional circumstances entitled defendants to an equitable exception to the 30-day removal window where attorney for three-member board timely filed consent but board was unable to meet formally until after expiration of removal period).

The Town asserts that the individual defendants involved in the incident giving rise to this case were terminated at an "Executive Session Special Call Meeting" of the Town's board of aldermen on February 14, 2012. The Town asserts that by the time this lawsuit was filed on May 24, 2012, the whereabouts of the individual defendants were no longer known by the Town and that the Town was ultimately required to hire a private investigator in order to locate them. The plaintiff notes, however, that each defendant was served by a Tallahatchie County Sheriff's

3

Deputy at his or her home within five days of each other and that their addresses had not changed from their termination by the Town to the filing of this lawsuit. This fact reveals either a lack of diligence on the Town's part in locating its co-defendants or the disingenuousness of its argument. The court therefore finds that the Town does not set forth the "exceptional circumstances" required for a more liberal application of the removal statute. Because the defendants have not complied with the requirements of the removal statute and because any doubts about the propriety of removal are construed in favor of remand and against removal,[1] the court finds that the removal is defective, and the case must be remanded to the state court.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and should be granted. An order in accord with this opinion shall issue this day.

This, the 26th day of September, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See, e.g., Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).